IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TERRELL D. SMITH** § | | |
| § | **C.A. NO.**_____ | |
| **PLAINTIFF,** § | | |
| § | | |
| **v.** § | | |
| § | | |
| **AT&T MOBILITY SERVICES, LLC** § | **JURY TRIAL DEMANDED** | |
| § | | |
| **DEFENDANT.** § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

**Preliminary Statement**

1. This is a lawsuit for unlawful employment practices for age discrimination brought to secure relief within the Texas Commission on Human Rights Act ("TCHRA"), as amended, Texas Labor Code § 21.001 and 21.051 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., as amended.

**Parties**

2. During all times mentioned in this complaint, Terrell D. Smith ("Smith" or "Plaintiff") is a male who is 60 years old. Smith is a resident of Harris County, Texas.

3. During all times mentioned in the petition, Defendant, AT&T Mobility Services, LLC ("AT&T" or "Defendant") was and is still an employer under the laws of the state of Texas. Based on information and belief, Defendant has more than 501 employees and engages in interstate commerce. Defendant may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

**Jurisdiction**

4. Jurisdiction is invoked pursuant to 42 U.S.C. § 1331.  The right to sue notice by the U. S. Equal Employment Opportunity Commission ("EEOC") dated September 20, 2019. Smith filed this lawsuit within ninety (90) days of the receipt of notice in state court December 17, 2019

5. Declaratory, injunctive & equitable relief is sought pursuant to the TCHRA and ADEA.

6. Compensatory and punitive damages are sought pursuant to the TCHRA.

7. Liquidated damages are sought pursuant to the ADEA.

8. Costs and attorney's fees may be awarded pursuant to TCHRA and the ADEA.

**Venue**

9. This lawsuit properly lies in Harris County, Texas because the facts arising in this lawsuit occurred in this judicial district.

**Factual Statement**

10. On or about December 1999, Smith was employed by Defendant.

11. He has always received good performance evaluations and was awarded the Service Excellence Award.

12. Smith is currently employed as a Customer Service Representative I. However, he served as Sales Lead in or about 2018.  In or about April 2019, he was removed from the lead role for no valid reason.

13. In all, Smith has approximately nineteen (19) years of experience in the customer service field.

14. Since September 2018, Smith has served as floor support, providing managerial relief.

15. Smith has applied for the Customer Service Manager positions several times but has been continuously denied.

16. Smith followed the procedures to apply for the Customer Service Manager position but has never been granted an interview.

17. In or about October 2018, Smith applied for Area Manager. Defendant did not interview him and ultimately denied him the position. Defendant did not provide Smith a reason for the denial but stated that anyone with any tenure with the company would not be considered. The applicants who received the positions were in their 30's.

18. Smith is a union employee. As such, Defendant was required to pay him in accordance with the Collective Bargaining Agreement (CBA).

19. In the latter part of 2018 and the beginning of 2019, Defendant closed the location in which Smith worked.

20. Employees at that location were offered transfers to San Antonio at the same hourly rate. However, if they did not transfer, they would receive a substantial reduction in pay and be reassigned to a Houston location.

21. Before the closure, Smith earned approximately $33.00 an hour. Because he needed to stay in Houston for family, he accepted the reduction in pay to approximately $18.50 an hour.

22. At his new location, Defendant started hiring much younger applicants, essentially hiring a new and younger workforce.

23. It was clear that Defendant wanted to get rid of old management and replace it with new and younger managers. Most, if not all the supervisors or managers hired in 2019 at the location where Smith worked, were significantly under 40 years old.

24. Smith was not given a valid reason for not being promoted in 2019.

25. Any reason(s) Defendant may offer for not promoting Smith is pretextual, manufactured to conceal age discrimination.

26. If Defendant had not discriminated against Smith, he would have received a pay increases as well as other employment benefits.

27. Smith has no plain, adequate, or complete remedy at law to redress the wrongs experienced and is now suffering and will continue to suffer irreparable injury from the discrimination by Defendant.

28. Smith suffered, is now suffering, and will continue to suffer emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary losses as a direct result of Defendant's discrimination.

29. Smith will suffer future pecuniary losses as a direct result of the Defendant's discrimination.

30. Defendant intentionally engaged in discrimination against Smith with malice or reckless indifference to her rights under the TCHRA and ADA, as amended.

## Causes of Action

31. Smith incorporates as if re-alleged herein paragraphs 1 through 30.

32. Because of his age, Defendant has not promoted Smith.  In doing so, Defendant violated the TCHRA and ADA.

## Prayer for Relief

33. Wherefore, Smith prays that this Court:

   a. declare the conduct engaged in by Defendant to be in violation of his rights;

   b. enjoin Defendant from engaging in such conduct;

    c.    promote him to Area Manager and in lieu of promotion, order front pay and benefits for the period remaining until his retirement;

    d.    award him liquated, compensatory and punitive damages of $1,000,000.00.

    e.    award him reasonable costs and attorney's fees; and

    f.    grant such other relief as it may deem just and proper.

**Jury Trial**

34.    Smith demands a jury trial

Respectfully submitted,

/s/ *Victoria Plante-Northington*
VICTORIA PLANTE-NORTHINGTON
Texas Bar No. 00798436
Southern District. No. 21235
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue Suite 1140
Houston, Texas 77056
Telephone: (713) 526-2615
Facsimile: (713) 513-5176
Email: victoria@plantelawfirm.com

ATTORNEY FOR PLAINTIFF
TERRELL D. SMITH