IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRELL D. SMITH | § | |
| | § | C.A. NO. 4:19-cv-04911 |
| PLAINTIFF, | § | |
| | § | JUDGE DAVID HITTNER |
| v. | § | |
| | § | |
| AT&T MOBILITY SERVICES, | § | JURY TRIAL DEMANDED |
| | § | |
| DEFENDANT. | § | |

**PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY**

Plaintiff, Terrell D. Smith ("Smith"), files his First Motion to Compel Discovery, and shows the following:

**Background and Law**

This is an employment age discrimination case that alleges among other things that Defendant denied Smith thirteen (13) Customer Service Manager ("CSM") positions to which he was qualified and applied. Defendant has refused to provide all documents directly related to the applicants who received the positions. Defendant selected employees under 40 for all thirteen positions. Smith was 60 and 61 at the time the positions were filled. The primary reason for the denial of the documents for the requests below is Defendant's claim that Smith did not formally apply for any of the positions and therefore information and documents relating to filling the positions are not relevant in this case.

Smith believes he has established by preponderance of the evidence that he applied for CSM positions when he completed all questions required to express his interest in October 2018

as directed by hiring personnel. [Ex. A]. Soon after, he requested a job requisition number to apply for the CSM positions after he discovered another CSM applicant had been interviewed for one of the CSM positions. [Ex. B]. He searched the Career Path ("CP") online system on multiple occasions for any Customer Service Manager position at the Bissonnet location, but he did not find any. Thereafter, he requested the job requisition number from hiring personnel and informed them that he could not find any Customer Service Manager Position in CP. His requests were ignored. No requisition number was provided for him to apply. After being ignored, he sent his resume along with an email expressing an interest in the CSM position to hiring personnel. His resume and interest were again ignored. [Ex. B].

Based on these facts, Defendant is now claiming Smith did not formally apply for any of the thirteen CSM positions by requisition number. The requisition to which was finally able to apply through Career Path ("CP") on or about January 16, 2019, Defendant claims the CSM position was not filled for some reason. [Ex. C]. Defendant's HR representative, Elizabeth Bageaux, stated even if the position was not filled, his application would have been automatically moved to the next CSM Manager Position requisition. [Ex. D (P. 122-23)]. It was not. Defendant does not dispute that it filled other CSM position at the Bissonnet location after Smith submitted his January 2019 application. He was not interviewed for any of the 13 positions, though he received an email from hiring Manager Anita O'Neal indicating he had in fact been interviewed for a CSM position. [Ex. B (April 30, 2019 email)].

In his deposition, Smith testified that he had a conversation Anita O'Neal, hiring manager, about his interest in the CSM positions. Just before Defendant filled first few positions in late 2018, O'Neal told Smith that due the new facility and its state-of-art technology that she would

not be hiring any "tenured" employees.[1] Consistent with her statements to Smith, she did not promote any tenured employees. Most of the applicants who filled the positions had only been with Defendant for less than a year and most did not have any management experience. O'Neal was about 33 or 34 years old at the time the applicants were selected. Additionally, HR representative, Pageaux stated that when evaluating Smith's experience, his management experience from the 1990's was too old to be considered relevant experience. Smith earned a Bachelor of Science Degree in Finance in 1981 before all the selected employees and the hiring managers were born. [Ex. D (Pp. 65-66)]. As such, resumes, applications, job description interview notes and any document considered in filling the 13 CSM positions must be produced as they are relevant based on the facts of this case.

Courts have excused an employee's failure to apply for a position in a variety of situations. A formal application is not a necessary aspect of plaintiff's *prima facie* case when such a gesture would be futile. *Dupont-Lauren v. Schneider (USA)*, 994 F. Supp. 802, 818 (S.D. Tex. 1998). Similarly, a formal application is not required where a vacant position was not posted or where the normal hiring procedure did not detail form application (*citing International Bhd. Of Teamsters v. United States*, 431 U.S. 324, 365 (1977). In these situations, the plaintiff must show there was available position and that he expressed some interest in a promotion or that the employer has some reason or duty to consider him for the post. *Dupont-Lauren* at 818. In *Blow v. City of San Antonio*, 265 F.3d 293, 297 (5th Cir. 2001), the Fifth Circuit held that Plaintiff Blow had presented evidence that Defendant failed to publicize the job opening within the department as company

---

[1] Smith's deposition was taken on January 11, 2021, and to date he has not been provided a copy of his transcript to include his deposition to support these statements.

policy required in order to prevent Blow from applying, not only concealing the job opening from her but actively discouraging her application.

Based on the facts of this case, Smith has clearly established he went over and beyond in making his interest in the positions known. He also attempted to post his resume in CP but he was not provided a requisition number after requests for the same. The application he was finally able to post on CP in January 2019 was not considered because he was told the position requisition was allegedly withdrawn and not filled. However, other Customer Service Manager positions were available at this time. He received automatic notices for positions when they were available in the past but suspiciously was not sent any job announcements or any requisition numbers for the 13 CSM positions that were filled. He sent his resume to hiring personnel for the position but still was not considered. Defendant agreed that it was fully aware that Smith wanted consideration for a management position. These facts alone show he applied for the positions. Therefore, he is entitled to the documents in which Defendant relied on before selecting applicants.

**Documents to be Compelled**

Smith requests that the court overrule all objections and that Defendant provide the following documents no later than February 17, 2021:[2]

REQUEST NO. 3: All documents that the decisionmakers reviewed and/or considered in determining Plaintiff was not the most qualified for the Customer Service Manager and/or Area Manager positions for which he applied in 2018 and 2019. (Plaintiff is not requesting Area Manager Position documents)

REQUEST NO. 4: All documents that the decisionmakers reviewed and/or considered in determining the employees selected for the Customer Service Manager and/or Area Manager

---

[2] The summary judgment motion deadline is February 19, 2021. Smith may need these documents to respond to the motion. Defendant did not prepare any of its witnesses during deposition to address any of the reasons for denying Smith 13 CSM positions, though Defendant was aware that Smith believed these were his comparators months ago. Defendant has maintained Mr. Smith did not apply. This appears to be its excuse for denying him 13 CSM positions.

positions for which Plaintiff applied in 2018 and 2019 were the most qualified candidates. (Plaintiff is not requesting Area Manager Position documents)

REQUEST NO 5:  All resumes and applications reviewed and/or considered by decisionmakers in determining the employees selected for the Customer Service Manager and/or Area Manager positions for which he applied in 2018 and 2019 were the most qualified candidates. (Plaintiff is not requesting Area Manager Position documents)

REQUEST NO. 6:  All interview notes and questions for employees selected for the positions in which Plaintiff applied in 2018 and 2019. (Customer Service Manager Positions at Bissonnet location only)

REQUEST NO. 17:  All job vacancy announcements and job descriptions for the positions in which Plaintiff applied in 2018 to present. (Customer Service Manager Positions at Bissonnet location only)

REQUEST NO. 20:  All documents that support your claim that Plaintiff is "considered somewhat abrasive in style. His tone is one of a matter-of-fact instead of engaging or partnering" as referenced in your EEOC Position Statement.

REQUEST NO. 21:  All documents that show Plaintiff has been provided feedback on "enhancing or improving his delivery skills" as referenced in your EEOC Position Statement.

**Conclusion**

For reasons included in this motion, Smith requests that the court grant this motion and any additional relief to which he may be required.

Respectfully submitted,

/s/ *Victoria Plante-Northington*
Victoria Plante-Northington
Texas Bar No. 00798436
Federal Bar No. 21235
Plante Law Firm, P.C.
5177 Richmond Avenue, Ste. 1140
Houston, Texas 77056
Telephone: 713.526.2615
Facsimile:  713.513.5176
Email: victoria@plantelawfirm.com

**ATTORNEY FOR PLAINTIFF**
**TERRELL D. SMITH**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with opposing counsel in good faith to resolve this discovery dispute without court intervention.

/s/ *Victoria Plante-Northington*
Victoria Plante-Northington

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was filed electronically and has been provided to the following counsel on record via the e-filing system on January 24, 2021 to:

Andrew Yeh
Email: andrew.yeh@nortonrosefulbright.com

Issa Fazilla
Email: fazila.issa@nortonrosefulbright.com

/s/ *Victoria Plante-Northington*
Victoria Plante-Northington